```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 11-60762-CIV-ALTONAGA
                         MAGISTRATE P. A. WHITE
```

JONATHAN LEWIS,                     :

    Plaintiff,                  :

v.                                  :           REPORT OF
                                                MAGISTRATE JUDGE
BROWARD COUNTY SCHOOL BOARD,
ET AL.,                             :

    Defendants.                 :
_____

## I. Introduction

The pro-se plaintiff, Jonathan Lewis, filed a civil rights complaint pursuant to 42 U.S.C. §1983,(De#1), seeking to have the Broward County School Board pay for him to obtain a high school equivalency diploma. The plaintiff seeks injunctive relief, and monetary damages. The plaintiff will be permitted to proceed in forma pauperis.

This Cause is before the Court for an initial screening of the complaint (DE#1) pursuant to 28 U.S.C. §1915, referred to the Undersigned Magistrate Judge.

## II. Analysis

A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

    Sec. 1915 Proceedings in Forma Pauperis

      \*   \*   \*

    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

      \*   \*   \*

    (B) the action or appeal –

      \*   \*   \*

    (i)  is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v.

Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States.  Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that

3

no misconduct occurred.[1]

The plaintiff seeks to have the Broward County School Board pay for him to obtain the equivalency of a high school diploma (GED), and to pay for him to obtain a "doctorate in business administration". He further seeks five million dollars in damages for sexual abuse that he suffered as a child.

The plaintiff has failed to state a claim for relief. To sufficiently state a civil rights claim filed pursuant to 42 U.S.C. §1983, a plaintiff must demonstrate that a person or persons acting under color of state law violated a constitutionally protected right. Polk County, supra.  There is no constitutional right to a high school diploma. The plaintiff is confined at Union Correctional Institution, and he may inquire whether they have a program which enables prisoners to work towards obtaining their GED.

Secondly, the plaintiff alleges that he was sexually assaulted as a child by a teacher at the Rock Island Elementary School. This is a criminal charge, which should have been brought to the attention of the State Attorney's Office at the time of the assault. This person is a private citizen who does not act under color of state law, and is not amenable to a suit pursuant to §1983. Polk Couny, supra. The applicable avenue for relief against this person would be in the state courts. Further, if the Broward County School System failed to protect the plaintiff from sexual assault by a teacher, again his avenue of relief is in the state courts.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

4

The plaintiff submits multiple exhibits indicating a long history of disturbed behavior and mental problems, as well as incidents of possible physical and sexual abuse, while a young child. Unfortunately, a civil rights complaint filed pursuant to 42 U.S.C.§1983 is not the proper vehicle to obtain restitution for this plaintiff.

### III. Conclusion

Based upon the foregoing, it is therefore recommended that this complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2. This case shall be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 13th day of April, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Jonathan Lewis, Pro Se
      #L45211
      Union CI
      Address of record